The first case for today is 2018-10801, United States v. Retail-Ready Career Center Incorporated. You may proceed. May it please the Court, my name is Jack Turnin. I'm here on behalf of the Appellant Retail-Ready Career Center, Inc. It has been said that civil forfeiture as practiced today has a distinctive Alice in Wonderland flavor. Sounds familiar. That is certainly the case here. My client, like many other innocent property owners, has been deprived of its property and forced into an in-rem civil procedure in order to get it back. Chief Justice Marshall described an admiralty proceeding like this as a suit against the whole world in which the whole world are parties and the whole world is bound. So the United States feels it can pick a fight with the whole world, but no one else can throw any punches. The government wants the benefits of admiralty practice without the downsides. On the flip side, my client has already suffered the downsides. Its business has been destroyed without trial, without a hearing, without an indictment, without evidence, without even the government being able to state a claim. My client suffered the downsides and ought to get the benefits. It ought to be able to file a counterclaim to attain a remedy for the wrongdoing that's occurred here. That's what the law says, that's what historic practice provides, and that's what justice demands. Let's start with what the law says. 28 U.S.C. 2461b, Congress has expressed how it wants forfeiture to go. It says, in cases of seizures on land, the forfeiture may be enforced by a proceeding by libel which shall conform as near as may be to proceedings in admiralty. Do forfeitures like admiralty? Makes sense. What has Congress said about admiralty? And 46 U.S.C. 3903a says, in the civil action in admiralty brought by the United States, a claim in personam may be filed against the United States. So Congress has said, do forfeiture like admiralty. Congress has said, when the United States brings a claim in admiralty, you can bring a claim back. That's the expressed intent of Congress. If you look at the rules governing forfeiture, look at Supplemental Rule G. It says, unless this rule says otherwise, follow the Federal Rules of Civil Procedure. Federal Rules of Civil Procedure provide for counterclaims. They provide for intervention. If there's any doubt, look at Supplemental Rule E. E7 says, we'll give security for counterclaims in REM proceedings. So there's expressed acknowledgment that counterclaims can be brought in REM. There's nothing odd about that. If we were to agree with you, just assuming arguendo, would we be creating a circuit split? And would you cite any court anywhere who's ever held what you want us to do? The closest would be the old Supreme Court cases. For instance, if you look at the Paquete Habana case, in that case, the government tries to seize some fishing boats. It lost. The Spanish government said, hey, you've incurred damages here. Please award them to us. The Spanish government won, went up on appeal, and the U.S. Supreme Court said, hey, you come into court, you're bound. Now, it's not exactly the same situation. It wasn't necessarily a counterclaim, and it was before the modern rules, but it's similar. And, yes, I think there would be a circuit split. With the First and the Sixth? With the First, certainly. The Sixth does cite the First. It didn't really discuss it or apply it, and it wasn't actually really essential to that case. But, arguably, it creates a conflict with the Sixth Circuit. And I would argue that what the First Circuit did was actually dicta. If you look at the facts of that case, the government seized a truck, obtained forfeiture of the truck, and on summary judgment, I guess for the first time on appeal, the property owner says, hey, I had a phone in the truck in some other property. I want that property back. I filed a claim for that property back. And the court of appeals says, well, the judgment doesn't affect any of the other property in the car, so you're free to go and do that somewhere else. You're not harmed in any way. Oh, and by the way, we're going to construct the syllogism to try to justify ignoring it. And the syllogism doesn't follow, right? It says, okay, the United States brings a claim against the property. You're claiming against the property. The government hasn't brought a claim against you. Therefore, there's not really a claim to counter, which has some, I guess, logical appeal. It's probably why in old admiralty law they called such a claim a cross libel, right? It wasn't really a counter libel. It was a cross libel. And maybe when the modern rules were adopted, it should have been called a cross claim rather than a counter claim. But this court, all the courts in the country, the rules, E7 being an example, refer to such claims brought in rem as counter claims, so that's what I did. And mislabeling a claim, if that's even what happened, isn't grounds for dismissing a claim. I don't understand how the conclusion that the First Circuit reached even follows from the logic you made. Mr. Ternan, I'm looking at the First Circuit case right here. Good morning. It's just one paragraph of reasoning. One part of the reasoning says that rather than being dragooned into the case as a defendant, he, meaning the person who wants the property back, intervened as a claimant. Remind me, in this case, did you intervene as a claimant? Under the current statutory regime, it's not really called that. Under 18 U.S.C. 983, it just says, you know, if you claim an interest in the property, you're entitled to come in, right? And it doesn't attach a label to whether that's an intervention or what exactly that means. My point being, when I read that in the First Circuit's opinion, the question that occurred to me is, well, when you intervene as a claimant in a case, you're a party. Correct. For all intents and purposes. Correct. So I would think that a party can bring a counter claim or a cross claim or whatever you want to call it. I would think so, too, Your Honor. And we made that argument in the brief, that if you want to call us an intervener, which was certainly how courts characterized it prior to CAFRA, interveners can do everything any other party can do. And that's true in REM practice today. If you're in an admiralty case, you know, you're a cargo owner, claims his properties with damages, damages, seizes a ship, the ship owner says, well, you didn't pay me for the cargo, sues the cargo owner, that happens all the time.  The First Circuit's reasoning just departs entirely from what happens all the time in REM cases. It departs from what happens in interventions. Any time a party comes into the case because it's got an interest in what's going on, brings a claim against somebody else. I mean, I want you to talk about, of course, whatever you want to talk to us about, but I have a feeling the government's going to want to talk about Section 2465, and specifically B2A that says the United States should not be required to disgorge the value of any intangible benefits nor make any other payments to the claimant. I guess the argument goes that you would be requesting the government to make payments in response to your damages claim, and so that's barred by the statute. What's your response to that? Yes, Your Honor, I have several responses to that. The first is that B2 obviously connects to B1 and A. In 2465A2, it says it preserves the historic practice for determining whether or not a seizure was reasonable or not. The district court's supposed to rule on that and issue a certificate one way or the other. And then regardless of whether the district court determines it's reasonable, unreasonable, whatever the district court says, you still get the items in Subsection B. So Subsection B is intended to be things you get even if the seizure was wrong and unreasonable. It says B1 is where the claimant substantially prevails. Correct. So B1 is when you win, these are the things you get. You get attorney's fees, you get interests, you may get post-judgment interests, that's what you get. And then B2 is a list of the things you don't get for substantially prevailing. You don't get any intangible benefits the government received. So if government agents are joyriding in the cars they seized, which happens, you don't get the benefit that those agents, you don't get to claim some sort of disgorgement for that. It uses the word disgorgement rather than damages because that's what it's trying to prohibit, right? Whatever government got from taking your property, you don't get that back. So what is it that you want to get? I want to get damages, right? And 2465 doesn't bar damages, it leaves in place the regime for determining liability, so A2. And also CAFRA that added B2 explicitly added a waiver of immunity in the Federal Tort Claims Act for wrongful seizures. So why would Congress have added a procedure to get damages and a waiver of liability? Why would it have preserved the historic method for ascertaining liability if it was intended to eliminate that liability? That would require reading 2465 as inconsistent with the rest of what Congress did. So in your view, you could bring an original lawsuit against the United States or whomever for damages? Correct, Your Honor. One of the issues with that would be it would be difficult to adjudicate. You'd duplicate the efforts, right? You'd have to have the same witnesses doing the exact same discovery, a lot of the same issues, and you'd still have to wait or be part of the court determining reasonableness in this case. So it doesn't make any sense to do them separately. You'd want to do them together, and that's typically how it is done in admiralty practice. Somebody who's claiming that something was wrongfully seized wants to tackle it there. Our whole regime around the current modern rules is we'll settle everything at once. Why are we settling them separately? You don't have a problem with being labeled an intervener instead of a counterclaimer, claimant, do you? No, Your Honor. I have no concern about it. So if the proceedings, the treatise on in-rim proceedings allows intervention to challenge the propriety of the seizure, and specifically allows that, and we're using in-rim proceedings as the guidance, you have no problem with that? No, Your Honor. And, you know, again, this statute, 2465A, is something the court has to do in this case. In this case, it's going to have to determine the reasonableness of the seizure. It's going to have to. So anything that's related to that is clearly, in my mind, related to the case and should be brought in the case. Are there procedural requirements? I'm just not aware of them. If there are, under the FTCA, if you were to bring an original action, what would be involved in that? The only real difference is that there's a sort of administrative claims process that has to be done first, where you send them a letter saying, hey, pay me my damages, and then they say no, and then you file a suit. That would only be true for certain types of claims. I'm not sure whether constitutional claims, like I'm asserting, are actually required to do that. The courts of appeal are not entirely consistent on that. And the statute creates a little bit of a wrinkle because when you do an FTCA, it's against the employees, but the FTCA excludes constitutional claims from the ambit of how that works. So normally you try to do it in like a Bivens theory, like the First and Fourth Amendment. So there may be procedural issues if you do it separately. One of the reasons for doing it this way is it's just a lot cleaner, right, rather than trying to figure out the agents that were involved and suing them personally and then substituting the United States in. You've already got the United States as a party bringing these claims, involving these facts. Just bring a counterclaim. That's the easiest way to resolve it. I thought the United States cited one district court case from New Jersey that was contrary to your preferred interpretation of 2465. Is that United States versus 662 boxes of ephedrine? I think there are other district court cases out there where they've adopted that interpretation. But, again, nobody has actually argued what I'm arguing and read the statute in the context of A2 or the fact that CAFRA added a waiver in the FTCA. Those arguments weren't raised in those cases. They aren't addressed in those cases. Historic admiralty practice isn't addressed in those cases. I'll tell you I haven't read it. What's the basis of the holding in the 662 boxes of ephedrine case? I think they just agreed with the government's interpretation that somehow disgorgement means damages, and you can't sue the government based on that. I understand why somebody might read it that way. They may miss the distinction between disgorgement and damages. They may miss the case law preceding this statute tackling disgorgement. Yeah, I get that, too. But the statute doesn't say anything about counterclaims. It doesn't say anything about procedure at all. The title of the section is attorneys' fees, costs, and interest. I would agree it doesn't necessarily say anything about counterclaims. I think the context procedurally is B1. These are the things you do at the end when you're awarding the property back to the client or the property owner. If the claimant prevails, give them attorneys' fees, give them interest, and don't give them anything else. That is what Congress was trying to do. It was trying to give us certainty about what you get as a remedy for substantially prevailing. I'm not asking for damages based on prevailing. I'm asking for damages based on the fact that the seizure should never have happened in the first place. Do you read Section A and B in that statute? Are they sort of complementary provisions? Yes, Your Honor. A was there before CAFRA. So A had the reasonable cause standard and the certificate of reasonable cause, and then what CAFRA did was add B and mention B in A2, and then B says you get interest, you get attorneys' fees, and we're going to not give you these other things just because you won. We're going to leave the reasonable cause liability regime in place. We're going to add a waiver in the FTCA, and that's what I think it did. I don't think it was intended to eliminate the damages it was explicitly recognizing. Thank you. May it please the Court, opposing counsel, Beverly Chapman for the United States. This Court should affirm the district court's judgment and claimant's counterclaims for damages must fail for three reasons. First, payment of damages for wrongful seizure, as you discussed, is statutorily barred by 28 U.S.C. 2465. Second, no other civil forfeiture statute authorizes the use of counterclaims and CAFRA provides an adequate remedy to innocent owners. Third, decades of civil forfeiture case law demonstrates that a claimant is not a party and may not bring counterclaims, and the admiralty cases that allow counterclaims are not applicable here. First, looking at 28 U.S.C. 2465, that statute clearly defines the universe of payments to be made by the United States in civil forfeiture cases, and damages are not included. First, you have the plain language of the statute, which you already discussed. You have the District of New Jersey case. There's also a Ninth Circuit case that was decided in 2007, Plunk, which was cited in our brief for a different proposition, but that case looks at the fact that 28 U.S.C. 2465 does not allow for damages, and in order for the Court to allow damages under that statute, it would have to read a waiver of sovereign immunity into the statute. That's not there. What if the allegation, this is just a hypothetical, of course, what if the allegation was that the United States in seeking civil forfeiture of property was targeting a property owner because of his or her race, and the property owner wanted to make that claim by way of, just raise that claim in the forfeiture proceedings that you're targeting me because I'm African-American? They couldn't bring that claim? No, Your Honor. It's our opinion that based on the statute, any sort of claim like that would have to be brought with a separate proceeding. There are various revenues in which they can bring a separate proceeding. First is a Bivens claim that they could bring. Next is they could bring a claim under the FTCA. But it's important to note that all of these need to occur after the forfeiture proceeding has concluded. First, looking at the waiver in the FTCA that was added by CAFRA, it talks about that in order to bring a suit, there has to be property that was seized for forfeiture, property that was not forfeited, property that was not remitted or mitigated, and that the claimant was not criminally convicted. I think the second part of that test is important, that the property was not forfeited. Here, as we are involved in an ongoing forfeiture proceeding, the claimant cannot show at this time that the property was forfeited, so that claim would need to be brought after the civil proceeding has concluded. Same with Bivens. It would make sense for them to bring the claim after the court has decided whether or not the certificate under 28 U.S.C. 2465 will issue. Bivens, however, does not allow them to bring a claim against the United States, and it's important to make that distinction, because that's what they're requesting here. They're requesting a claim against the United States, not against various parties. Can you remind us what the stage of the case is? How much longer do they have to wait? Yes, Your Honor. I'm not at liberty to assess the status of an ongoing criminal investigation in a public forum. What I can tell you is that Judge Fitzwater is currently very aware of what's going on on the criminal side of the case. This case does involve complex discovery issues that are currently being litigated in the district court. In the civil case, Judge Fitzwater recently granted a stay, and I would ask the court to take judicial notice of Docket 219. Do they have to wait for years and years until the criminal investigation is resolved? Is that what you're saying? Yes, Your Honor, and potentially. And courts have looked at this issue, and they have decided that where there is an ongoing investigation, that the court will have to determine and weigh the interest of the claimants versus the interest of the government. This idea has been fully briefed in Docket 208, which I would ask the court to take judicial notice of. That briefing mentions a case, United States v. $1,111,120 in U.S. currency. It's located at 2014 Westlaw 619-436. It's a Southern District of Ohio case from 2014. Did you cite that case in your brief? No, Your Honor. Did you give it to your opposing counsel before you got up here this morning? No, Your Honor. But you have it written down in your outline to present to us today? Yes, Your Honor. Well, that's not acceptable. Sir, you'll have two business days. Just provide a 28-J on the case if you so wish, and after the argument you can give him the cite again. Yes, Your Honor. You need to give a 28-J if you're going to be citing cases not in your brief during your argument. Yes, Your Honor. There are multiple cases, though, in the district court where various delays of even years have been allowed. There is one case in this briefing, and I can't remember which case it is, but in that case it involved a 12-year back-and-forth in criminal and civil cases. Unfortunately, sometimes these do take a while. Can you tell me, just as a practical matter, I'm not asking about the ongoing criminal investigation, but what can the claimant do in these proceedings? I mean, sure, maybe the government will be able to prove its case. Fair enough. But what can the claimant do in these proceedings to defend its rights? Yes, Your Honor. The claimant does have multiple remedies in these proceedings that they can use, and the district court has various avenues it can use in order to protect their interests. First, they can present an innocent owner defense. They can also file a motion to dismiss, which they have done in this case. The court has had multiple opportunities to dismiss this case, and it has not done so with prejudice. They can file a motion for return of property under 18 U.S.C. 983-F. They can file a motion for summary judgment, which they have done in this case. They can file a motion to suppress if they believe that the evidence was wrongfully seized. And they can also file a motion to stay, which is not applicable in this case, but if they feel that their right to incrimination could be violated in having to move forward in the civil case, they can file that as well. So they can raise constitutional claims? They cannot raise constitutional claims, but they can make a motion to stay based on the fact that they cannot adequately defend themselves in the civil forfeiture case without harming themselves in the criminal case. Okay. Counsel, you said your third point was that they're not parties. Why can't an intervener, as a matter of right under 24A, be a party? Yes, Your Honor. Go ahead. I'm sorry. That's based on the First Circuit case and also based on the multiple district court opinions that have held this. But we have held, in a case called Brown v. Dimco, that an intervention as of right is treated as if an intervener is treated as an original party and has equal standing with the original parties. Why isn't this really an intervention in rem and, as an intervener of right, they are a party? Yes, Your Honor. I do not think they are an intervener of right and are not a party. First of all, based on the idea that the United States does not have a claim against them. Second of all, there's the question of whether or not they are an intervener of right because of the fact that any additional evidence that they're requesting, their claims are against the agents, potentially. And they have different facts. It's based on the seizure warrant, which is not necessarily a part of the civil forfeiture case. So there are various courts who have looked at this idea and they've determined that, actually, the case, if they were to allow these counterclaims, would require a presentation of different evidence because it would be looking at their motives and the information that they had at the time of the seizure rather than the information that they have currently. Next, looking at the fact that no court has adopted... Well, does that need to be adjudicated? That hasn't been adjudicated, has it? I apologize, I don't understand. Whether they are of right as an intervener. They stand here today and say, well, a rose is a rose by any name, claimant, intervener, counterclaimant. And you say, well, they can't really be an intervener because of this other point. But if they were an intervener, you can see that they would be a party, right? Yes, they could potentially be a party. But in my briefing, I talked about the fact that Federal Rule of Civil Procedure 2014 is not applicable here. And courts have looked at this idea because of the fact that Federal Rule of Civil Procedure 24 goes against Supplemental Rule G and CAFRA because there are various requirements for when you can bring a claim as an intervener, whereas CAFRA has its own specific remedies and rights. It has various timings put in place. Go ahead. Why shouldn't we send this back to the district court to adjudicate that? Yes, Your Honor. I don't think it needs to go back to the district court. I think it goes back to this idea that they're not allowed to bring a counterclaim based on their status, whether or not they're an intervener of right. I don't think that that has an effect on this. The district court, correct me if I'm wrong, basically followed the reasoning of the First Circuit case. Yes, Your Honor. And that's it. No offense to the district court. Of course, there's not much else out there. Right. Judge Fitzwater, in his order, talked about the First Circuit case and then various district court cases. There are a lot of district court cases that have looked at this idea. They've looked at it based on the First Circuit case. They've also looked at the Federal Rule of Civil Procedure 13 and the fact that a claimant does not have a claim to counter since the United States has not brought the claim against the claimant, but it's brought the claim against the property. Doesn't Rule 13 make a reference to claims brought by attachment or something like that? I thought it implicitly recognized that there could be a counterclaim in a case that was brought by attachment. Sounds like a forfeiture to me. I have not seen any cases that have analyzed it that way, Your Honor. But as far as how cases have looked at it, they've decided that it's not allowed in these types of cases. You say the supplemental rules. Which one did you say, G? G. Doesn't that rule also say if something's not covered here, you proceed to other supplemental rules that do bring in the admiralty rules? Yes, Your Honor. So what the rules actually state is Supplemental Rule G states that to the extent this rule does not address an issue, Supplemental Rules C, E, and the Federal Rules of Civil Procedure also apply. But if the Supplemental Rules do address the issue or if the Federal Rules of Civil Procedure are contrary to what's in the Supplemental Rules, that does not apply. So where does the Supplemental Rule G address this? It does not address counterclaims in the statute. All right, so we flip down to the other ones. Yes, Your Honor. And as far as proceeding an admiralty, 28 U.S.C. 2461, which is cited by the claimant, says unless otherwise provided by an act of Congress, we proceed as though an admiralty. Here, Congress has otherwise provided a way to proceed, and so we're not proceeding under 28 U.S.C. 2461. You mean 2465? That's where you would say Congress has provided another way of proceeding? We're not proceeding under 2465. We're proceeding under 18 U.S.C. 981 and 983 that have most of the rules that relate to civil forfeiture. Is there any benefit to the bifurcated approach? Yes, Your Honor. I believe that there is. First, looking at the fact that it needs these, the initial forfeiture case, like I said, needs to be decided before you can decide any of these issues. As far as the bifurcated approach, most of the claims that they would have would either need to be decided after or would need to be brought against the agents or the prosecutors. So potentially we'd be bringing in additional parties that are not currently involved in this case, and like I said, we'd be bringing them in on issues that are not involved in this case. Why wouldn't you just not have to bring them in, then, if you do it all in this one fell swoop? I mean, they may be witnesses, but not as parties. Yes, Your Honor. The issue is the sovereign immunity with the United States, so if they were to bring some sort of Bivens claim and couldn't bring it under the FTCA because the rights under the FTCA are more limited, you would have to bring additional people in as parties. But if you don't have to do, not a Bivens, this is not a Bivens, right? They just want to have it adjudicated as part of this. Yes, Your Honor. So why isn't that much easier? Your Honor, the issue is that there's no waiver of sovereign immunity in this case. I thought there was specifically a statement that it was waived. No, Your Honor. The citation that Retail Ready cites is 46 U.S.C. 30903, and that applies to cases that are brought in Admiralty. It applies to the cases cited by the claimants that deal with issues like damage to a vessel or set off under contract. It applies to issues where in order to decide one claim, you really need to decide the other, and like I said, that's not what we have here. Looking at the FTCA waivers, I think it's important to note that the general waiver for forfeiture is in 28 U.S.C. 2680C, and then in 28 U.S.C. 2680D, the statute states that any claim for which a remedy is provided by Chapter 309 or 311 of Title 46, which cites 46 U.S.C. 30901, etc., relating to claims or suits in Admiralty against the United States do not fall under the FTCA, and I think this shows that Congress intended to create a distinction between that Admiralty statute and the civil forfeiture statutes, and that's because in Admiralty, there is this waiver where you are allowed to bring it in the same case, a claim for damages to the vessel, for example, whereas in forfeiture, there is not that waiver implicit in the statutes. It does not apply because we are not bringing this case in Admiralty, and so that's why with CAFRA, they brought in this waiver for forfeiture that allows claimants to bring a claim based on injury or loss of goods. It seems like you want the benefits of Admiralty on the in-rim side of things, and Conner claims it, but don't want the negative things that come with Admiralty. But maybe you can have your cake and eat it too if Congress gave it to you. Yes, Your Honor. With this issue, what we are requesting is the court to use the statutes that Congress has determined apply to civil forfeiture. With CAFRA, Congress decided to show that cases in Admiralty and forfeiture cases do have distinctions. It could have decided not to create CAFRA. It could have left these in Admiralty, and it chose not to do so. It sounds like your argument is, whereas I understood, I guess maybe from your initial brief, that the first point you wanted to make was the nature of in-rim proceedings just excludes counterclaims. That's troubling to me, I'll tell you frankly, because that sounds like it's going to blow up Admiralty. Right? I mean, we don't want to do that. So it sounds like what you're saying to us here is a narrower argument based on the statute. Is that really how you think we should resolve this case? Yes, Your Honor. I believe that the statutes clearly show that counterclaims are not allowed. There's nothing in the statutes that allow it. It would require the court to read a waiver of sovereign immunity into the statute that's just not there. And the First Circuit case, I mean, correct me if I'm wrong, the First Circuit case from 1991. Yes, Your Honor. When was CAFRA enacted? It was enacted in 2000. Okay. My last question is, when you were talking about 2680, 28 U.S.C., 2680 C, I think you were just talking to us about statutes around there. Yes, Your Honor. Is it your position that that is a limited waiver of sovereign immunity in forfeiture or not? Maybe I misunderstood. Yes, Your Honor. It's a limited waiver in forfeiture. It only applies to any claim based on injury or loss of goods. And then there are, like I said, those four different requirements that have to be met. So it is a very limited waiver. There's also potentially a waiver under 28 U.S.C. 26080H that talks about the law enforcement proviso, where if they were to bring it later, that they could potentially bring a claim under that. Whether or not they'll be able to do that in this case, I don't know. But that's another potential waiver that may apply. But the forfeiture waiver is very limited. And if the conditions that you say are there in 26 ADC are met, what can a claimant do then? A claimant can bring a claim for damages where there's essentially been loss of property, like for the example where the agents were going and riding around in the car and they crashed it and they're not able to return the property. What that essentially does is it allows viability where the United States cannot meet its obligation under 28 U.S.C. 2465A, where their obligation is to return the property, where they cannot do that and they have not otherwise mitigated it or remediated it, that that's when that statute does come into play. Well, let's imagine that this case doesn't work out for the United States. Maybe it will, maybe it won't. And let's say it doesn't. And then are you saying that there could be a lawsuit pursuant to this waiver of sovereign immunity for damages by Retail Ready? It's just a hypothetical. You're not committing to anything. Yes, Your Honor. It's unlikely in this case they could bring a waiver since the asset is currency. It's unlikely that we're going to lose that money and not be able to return it. That's where 28 U.S.C. 2680H comes into play, where if they're trying to bring some sort of malicious prosecution claim or something like that and they're able to prove it, they could bring it under that. But once again, that would have to come after the proceeding has been included. Okay. Mitch, I have a brief minute to conclude. You may. Your Honors, counterclaims are not allowed in civil forfeiture cases, and an adequate alternative remedy for return of property is provided. And for those reasons, the Court should affirm. Thank you. Thank you. Your Honors, some brief rebuttal. The status of the case below, we filed motions to dismiss again after it had been dismissed twice already. They still haven't stated the claim. And we also filed a motion for summary judgment. Disproved their case. They filed no response. Rather than granting those, the judge granted a stay. And so now we're going to have to wait four more months and he may or may not grant another stay. And then he recused himself from the case. He dropped off. Fitzwater left. A new judge was appointed. We've got to basically bring him up to speed all over again. It's going to go on forever. Second point. They say they're bringing this NREM proceeding pursuant to 18 U.S.C. 983. That statute doesn't mention anything about NREM. You can't do anything. It doesn't say anything about NREM. Neither does 18 U.S.C. 981 say anything about NREM. The only way you get NREM is 28 U.S.C. 2461, which says you do these like admiralty. They can't even file this proceeding if they don't follow 2461. To the extent they have some new argument today that the statute doesn't waive the sovereign immunity, what do you say? Maybe it's not new, but it was in the context of NREM before, I thought. Yeah, sure. We responded to the immunity argument in the brief. We have three arguments on that. One, the FTCA, right? Those four factors, all four of them are true right now. The property hasn't been forfeited. It was seized for purposes of forfeiture. It hasn't been, my interest hasn't been mitigated and reduced in any way, and my client hasn't been convicted of any crime. So all four of the factors for waiver of immunity are currently true. So I believe that right now, based on this Court's interpretation and the Supreme Court's interpretation, that there's no immunity. Two, I think, based on 28 U.S.C. 2461 and 46 U.S.C. 3903, that's a waiver of immunity, too. Congress has said, do it like admiralty. Congress has said, when the United States brings a claim in admiralty, we're waiving immunity. I think that's applicable. And then third, the law before these statutes, the laws applied by the U.S. Supreme Court, was when the United States comes into an in-rem proceeding and somebody else brings a claim against the United States, it doesn't have immunity. And for instance, United States v. FECLA, it says, yeah, there's no statute here waiving immunity, but if you're going to come into a proceeding like this, you're bound by the outcome just like anybody else, right? It's in-rem. It's against the whole world. The whole world gets to play. That's what the Supreme Court said. And so my contention is that there was never immunity in this situation. Yes, Congress has codified the absence of immunity twice in the FTCA and under the admiralty regime, but there was never immunity here. Just so I have the sites, I mean, we were talking, I'm thinking specifically of the statutory waivers of immunity that the United States says are limited. That's 28 U.S.C. 2680? Yes. And what's the other one? 46 U.S.C. 3903. Thank you. The issue about whether it makes more sense to do them together or separately, I have statutes of limitations coming up. It's coming up on two years. This property was seized 16 months ago. There's no end in sight for the underlying case. Can't you file a placeholder? Well, my client would like to actually get something adjudicated, but yes, we could file a suit that then gets stayed, but we've got to file soon, right? Whereas if the claims are pending in the forfeiture case, I don't have to worry about statute of limitations. Well, it sounds like if you brought a lawsuit, the United States would argue you have to wait until the forfeiture proceedings are concluded. Correct. So I can see a motion to dismiss there. Yeah. So what Ms. Chapman describes as the adequate alternative remedies, you would describe as what? As a complete waste of time. They haven't stated a claim. They've repeatedly failed to state a claim, but I can't get the case dismissed because judges won't rule on it. And I'm not the only property owner that's faced this problem in the courts. I guess without delving into whatever confidential or sealed matters there are, what is the basis? Maybe you can't answer this and you can tell me if you can. I know you have filed successfully, what, two motions to dismiss? We filed three motions. What's the basis for the motions to dismiss? Sure. In order for there to be forfeiture, there has to be a crime, and the property seized has to connect to that crime. They have neither of those two. In fact, in their prior pleadings, the agent, who is so misinformed about what's going on in the regulatory environment, actually accused my client of following the law. He says, you gave people scholarships in order to meet the 15 percent rule. That's exactly what the rule allows. The courts have said that's what the rule allows. So he accused my client of following the law. And that's the basis for forfeiture. All right. So you filed motions to dismiss, and the United States is now on their third amended complaint? Yes, Your Honor. Okay. And that's where the case is right now? That's where the case is. The discovery is over. The discovery is concluded. We filed our summary judgment motions after the close of discovery. The government can't file a response because they have nothing they can say. And I can't get it adjudicated because of the statutory stay, which there may be a mandamus coming up on that issue. Unless there are any further questions. You have a remedy for that if you can't get your summary judgment heard. I mean, the remedy is mandamus. Right. But that's a remedy. It is a type of remedy. My client's been deprived of property for 16 months already without any claim. And I guess, you know, another eight months in a court of appeals is a remedy. Well, hopefully we don't take eight months to decide most of our cases. We're not commenting on the merits of any such putative case. Thank you, Your Honor. We have your argument.